Chey K. Powelson, OSB No. 035512
Powelson Law Office LLC
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
ckpowelson@powelsonlawoffice.com
Phone: (503) 496 - 5187
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
(PORTLAND DIVISION)

| | |
|---|---|
| **NATHAN HOUSE**, individually,<br><br>Plaintiff,<br><br>v.<br><br>**MICROTECH KNIVES, INC.**, a Pennsylvania corporation,<br><br>Defendant. | Case No. 3:23-cv-01001<br><br>**COMPLAINT**<br><br><br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

Plaintiff Nathan House ("Plaintiff"), by and through his attorney herein, states and alleges the following against Defendant Microtech Knives, Inc. ("Defendant" or "Microtech"):

## II. PARTIES – JURISDICTION – VENUE

2. At all material times hereto, Plaintiff resided in Oregon, and does so as of the filing of this Complaint. Defendant employed Plaintiff to provide personal services in Oregon.

COMPLAINT – Page 1
Case No. 3:23-cv-01001

Powelson Law Office LLC
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

3. Defendant Microtech Knives, Inc., is organized under the laws of the State of Pennsylvania, with its principal place of business in Mills River, North Carolina.  In addition to having employed Plaintiff in Oregon, during Plaintiff's employment and up to present, Microtech conducted ongoing, sustained business in this State.

4. Subject matter jurisdiction is proper in this District pursuant to 28 USC 1332. The parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.00. Jurisdiction and venue is proper in this District and Division because: the acts and omissions alleged to give rise to the claims herein occurred in Clackamas County, Oregon; Defendant employed Plaintiff in Oregon, where Plaintiff provided personal services for Defendant and was subject to Oregon State wage and hour laws; Defendant conducts ongoing, sustained business by virtue of multiple customer accounts located in this State; and/or Defendant caused harm that Defendant knew would be suffered by Plaintiff in this State.

### III.  FACTUAL ALLEGATIONS

5. Defendant had actively recruited Plaintiff for the position.  In response, Plaintiff on a few occasions told Defendant that he was not interested.  Defendant persisted in its recruitment.

6. In April 2022 Defendant hired Plaintiff to the position of "Director of Government Sales", with an annual salary of $155,000.00.  Plaintiff was based in and performed work for Defendant in Oregon.

7. Before starting with Defendant, Plaintiff and Defendant had negotiated a written agreement dated April 19, 2022 ("Agreement").  The Agreement set out certain terms relating to Plaintiff's employment and Defendant's obligations, including that, "If employee is terminated 'without cause' within three years of employment at Microtech, Employee will be provided with one year severance."  Before agreeing to employment with Microtech, Plaintiff

COMPLAINT – Page 2  
Case No. 3:23-cv-01001

Powelson Law Office LLC  
10121 SE Sunnyside Rd, Ste 300  
Clackamas, Oregon 97015  
Phone: (503) 496-5187  
www.powelsonlawoffice.com

specifically requested and required that severance term be a condition of employment; he indicated he was only willing to work for Microtech if that term was included. Plaintiff relied on Defendant's agreement to the severance term, and left his then-current employer to work for Defendant.

8. When negotiating the terms of the Agreement, Microtech's Director of Human Resources Melinda Janeiro was the primary person with whom Plaintiff communicated. Janeiro also presented the Agreement to Plaintiff, which he accepted by signing on April 22, 2022.

9. During Microtech employment, Plaintiff's performance was at least "satisfactory", if not better.

10. During Plaintiff's employment, Defendant withheld "North Carolina State Income Tax" from Plaintiff's wages. Such withholding was improper, and not authorized by Plaintiff.

11. In early February 2023, Defendant terminated Plaintiff's position due to a "reduction of workforce".

12. On or about February 10, 2023, Plaintiff requested that Defendant pay the severance due ($155,000.00) under the Agreement. In response on February 14, 2023, Defendant confirmed to Plaintiff: "we will continue to pay you for the year. Your last pay date is 03/29/2024." Thereafter on or about February 17, 2023, Defendant made an "installment" payment of the severance.

13. On or about February 21, 2023, Plaintiff and HR Director Janeiro talked by phone. During the call Janeiro specifically told Plaintiff that Microtech would continue paying the severance, regardless of whether Plaintiff returned to Microtech employment.

14. Plaintiff relied on Defendant's February 2023 statements that it would continue making severance payments through March 2024.

COMPLAINT – Page 3
Case No. 3:23-cv-01001

Powelson Law Office LLC
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

15. After several installment payments, Defendant unilaterally decided to not pay the remainder of Plaintiff's severance. Defendant's last installment was on or about April 28 in the gross amount of $6,041.53. By letter dated May 8, 2023, from HR Director Janeiro, Defendant informed Plaintiff that "we have reassessed the decision to provide you with severance payments and have stopped making these payments effective April 28, 2023", and "we also do not feel obliged to provide you with any additional severance."

16. At the time Defendant stopped making periodic payments of Plaintiff's severance, Defendant still owed approximately $123,587.84.

17. By letter dated May 17, 2023, Plaintiff provided Defendant with written notice of the unpaid severance amount. The notice specifically identified ORS 652.150 and ORS 652.200, and requested that Defendant pay the remaining amount.

18. Plaintiff's May 17 notice was delivered to Defendant by email on or about May 17, 2023, and by USPS Priority Mail on or about May 20, 2023.

19. On or about June 9, 2023, Plaintiff provided Defendant (through its outside counsel) with a second written letter requesting payment of the remaining severance compensation. Plaintiff again referenced ORS 652.150 and ORS 652.200, and requested additional payment of a civil penalty for Microtech's deliberate refusal to pay. With the letter Plaintiff further requested that Defendant rectify its conduct of having withheld or deducted "North Carolina State Income Tax" from Plaintiff's wages during employment.

20. In addition to knowingly failing to pay Plaintiff his severance compensation either within one business day after termination or within 30 days after that date, Defendant did not pay Plaintiff's remaining severance in response to either the May 17 or June 9 written notices and requests for payment.

COMPLAINT – Page 4
Case No. 3:23-cv-01001

Powelson Law Office LLC
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

21. As a result of Defendant's actions alleged herein, Microtech is liable to Plaintiff for $123,587.84, exclusive of interest and a civil penalty. Plaintiff may also be due additional amounts, and/or will have incurred economic damages as a result of Defendant's improper withholding of a North Carolina state income tax from Plaintiff's wages, and/or failure to make the proper withholdings from his wages.

### IV. FIRST CLAIM FOR RELIEF
Unpaid Wages/Compensation
(ORS 652.140)

22. Plaintiff hereby re-alleges all Paragraphs as if fully set forth herein.

23. For purposes of Oregon Revised Statute Chapter 652, employee severance payments and compensation are "wages". Under ORS 652.140, when an employer terminates an employee, "all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination."

24. Plaintiff's severance was a wage or compensation due to be paid by reason of employment, and was otherwise contracted to be paid by Microtech.

25. Defendant still owes and is liable to Plaintiff in the amount of no less than $123,587.84, exclusive of interest.

26. Plaintiff seeks an award of that remaining severance amount, plus pre- and post-judgment interest. Further, pursuant to ORS 652.200(2) Plaintiff seeks an award of attorney's fees and costs.

### V. SECOND CLAIM FOR RELIEF
Civil Penalty for Non-Payment of Wages/Compensation
(ORS 652.150)

27. Plaintiff hereby re-alleges all Paragraphs as if fully set forth herein.

COMPLAINT – Page 5
Case No. 3:23-cv-01001

Powelson Law Office LLC
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

28. Oregon Revised Statute 652.150 provides in part that, subject to certain narrow exceptions, as a "penalty" for an employer's willful nonpayment of wages, "the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced. However: (a) In no case shall the penalty wages or compensation continue for more than 30 days from the due date".

29. Oregon Revised Statute 652.360 provides that, "An employer may not by special contract or any other means exempt the employer from any provision of or liability or penalty imposed by * * * any statute relating to the payment of wages".

30. By no later than early May 2023, Defendant knowingly and voluntarily ceased making "installment" payments of the severance compensation. Microtech's decision to not pay that compensation was therefore "willful", and renders it liable for a civil penalty pursuant to ORS 652.150.

31. Plaintiff seeks an award of that civil penalty in an amount of no less than $18,124.80, plus pre- and post-judgment interest. Further, pursuant to ORS 652.200(2) Plaintiff seeks an award of attorney's fees and costs.

## VI.  THIRD & FOURTH CLAIMS FOR RELIEF
Breach of Contract; Breach of Implied Duty of Good Faith & Fair Dealing

32. Plaintiff hereby re-alleges all Paragraphs as if fully set forth herein.

33. The Agreement between Plaintiff and Defendant is a valid, binding contract.

34. Defendant terminated Plaintiff's employment without cause, thereby triggering Defendant's obligation to pay Plaintiff's bargained-for severance.

35. Defendant breached the Agreement by refusing to pay Plaintiff's severance.

36. Plaintiff complied with his obligations set out in the Agreement.

COMPLAINT – Page 6
Case No. 3:23-cv-01001

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

37. As a valid, binding contract, the Agreement imposed on Defendant the implied duty of good faith and fair dealing.

38. Defendant breached its duty of implied duty of good faith and fair dealing by arbitrarily or capriciously deciding to not pay the owed severance, and/or by engaging in other conduct to avoid paying the entire or remaining severance amount.

39. In the alternative to these Third and Fourth Claims for Relief, Plaintiff seeks recovery of the remaining severance compensation on the theory of promissory estoppel.  In deciding to leave his then-current employer to go work for Defendant, Plaintiff relied on Defendant's promise that it would pay the agreed-to severance compensation if Plaintiff's Microtech employment ended without cause within three years of hiring.  The negotiated promise for Microtech to pay the one year's severance, induced Plaintiff to leave other employment and instead work for Microtech.  Moreover, in February 2023 Plaintiff relied on Defendant's statements and conduct made after his termination, whereby Defendant indicated it would continue paying installments regardless of whether he became re-employed with Microtech.

40. As a direct and proximate result of Defendant's breach of the Agreement, and/or of the implied duty of good faith and fair dealing, or breach of its promises to pay (or continue paying) the severance, Plaintiff has suffered economic damages of an amount to be proven at trial, but no less than $123,587.84, plus pre-judgment interest.

## VII.  RESERVATION OF RIGHTS

41. Plaintiff reserves the right to add, revise, or withdraw any claims, including those for equitable relief, or add parties during the litigation as information is obtained, arguments are developed, and/or other conduct is discovered.  By way of example only, Plaintiff may add a claim for: wrongful deduction (see ORS 652.610(3) and 652.615) of North Carolina income

COMPLAINT – Page 7
Case No. 3:23-cv-01001

Powelson Law Office LLC
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

tax, and for any and all damages that may have arisen from Defendant's failure to make proper withholdings from Plaintiff's earnings during employment; or estoppel, and/or misrepresentation.

## VIII.   DEMAND FOR JURY TRIAL

42. Plaintiff requests a jury trial in this matter on all claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks and requests the following relief from Defendant Microtech:

1. An award of his remaining severance in an amount of no less than $123,587.84;

2. A civil penalty award of no less than $18,124.80 pursuant to ORS 652.150;

3. An award of "economic damages", including the amount of his remaining severance, for his Third and Fourth Claims for Relief (or under a promissory estoppel theory) in the alternative to his First and/or Second Claims for Relief;

4. For pre- and post-judgment interest on all awarded amounts to the extent permitted or required by law, including ORS 82.010 and/or 28 USC 1961;

5. For an award of all reasonable costs, disbursements and attorney's fees authorized by State and/or Federal law or Rule, including ORS 652.200(2); and

6. For all other monetary relief, and any equitable or declaratory relief as may be deemed appropriate or required to make Plaintiff whole.

Signed July 7, 2023.

s/ *Chey K. Powelson*
Chey K. Powelson, OSB No. 035512
Powelson Law Office LLC
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
ckpowelson@powelsonlawoffice.com
Phone: (503) 496 - 5187
Attorney for Plaintiff

COMPLAINT – Page 8
Case No. 3:23-cv-01001

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com